IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK JOSEPH CHAREST, #182262,** : | |
|     **Plaintiff,** : | |
| **vs.** : | **CIVIL ACTION 18-0297-KD-N** |
| **STATE OF ALABAMA,** *et al.*, : | |
|     **Defendants.** : | |

## REPORT AND RECOMMENDATION

Plaintiff Patrick Charest, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, as well as numerous other statutes, along with a motion to proceed without prepayment of fees (Docs. 2, 8).[1] Upon review of the complaint as amended (Doc. 7) and Charest's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Charest is barred from proceeding *in forma pauperis* and did not pay the filing fee at the time he filed this action.[2]

### I. Section 1915(g) and Charest's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] Charest previously was granted *in forma pauperis* status, which will be withdrawn by separate order. (Doc. 9)

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because Charest sought leave to proceed *in forma pauperis*, the undersigned is required to screen his complaint. 28 U.S.C. § 1915(e)(2)(B). In screening his complaint, the undersigned reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Charest has had at least three actions and appeals dismissed for one of the foregoing reasons, namely, *Charest v. State of Alabama,* CA No. 98-1003-P-M (S.D. Ala. 1999) (frivolous); *Charest v. Montgomery,* CA No. 04-0687-BH-M (S.D. Ala. 2007) (appeal frivolous); and *Charest v. Riley,* CA No. 10-0051-MHT-

SRW (M.D. Ala. 2010) (fails to state a claim).³ Furthermore, among the other cases filed by Charest, there are two additional cases that were dismissed before service on defendants: *Charest v. Mitchem*, CA No. 12-2844 (N.D. Ala. 2013) (dismissed as moot pursuant to 28 U.S.C. § 1915A), and *Charest v. Riley*, CA No. 10-0051-MHT-SRW (M.D. Ala. 2010) (dismissed pursuant to § 1915(g)). As a consequence of having three actions and appeals dismissed because they are frivolous or fail to state a claim, § 1915(g) applies to this action.

## II. Section 1915(g)'s Exception.

In order to avoid having the present action dismissed pursuant to § 1915(g), Charest must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344,

---

³ The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

3

1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.). Charest has not done this.

On May 18, 2018, the United States District Court for the Middle District of Alabama received Charest's complaint, signed by him on April 19, 2018, against ten Defendants who are located in the Northern District (Hamilton Aged & Infirmed Facility ("Hamilton")), Middle District, and Southern District (Fountain Correctional Facility)("Fountain")). (Doc. 1 at 24-25). Subsequently, the Middle District court transferred his action to this Court on July 2, 2018. (Doc. 4).

Upon review of the complaint and application to proceed without prepayment of fees and affidavit, this Court ordered Charest file its forms for a § 1983 complaint and motion to proceed without prepayment of fees, which he did. (Docs. 6-8). Charest's complaint and amended complaint are not a short and plain statement. (Docs. 1, 6). His complaints can be described as containing "shotgun" pleading, which the Eleventh Circuit routinely criticizes. *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015).

In the amended complaint filed on this Court's form, which is typed and consists of forty pages, Charest claims violations of his rights under 42 U.S.C. §§ 1981, 1983, 1985-1988, 1997, 2000; Americans with Disabilities Act; Rehabilitation Act; and numerous state statutes, among other sources. (Doc. 7 at 5). Charest spends the first twenty-three pages of his amended complaint barely making reference to a fact to

4

support a claim. On page twenty-four, Charest starts including factual references to support his claims. Some of his claims are based on physical issues that began in 1994. (*Id.* at 24).

Because Charest must establish that he is in "imminent danger of serious physical injury," the Court is focusing on his allegations relevant to the § 1915(g)'s exception. Those allegations indicate that through the years Charest suffered with a lower back injury and its pain, high blood pressure, gastroesophageal reflux, carpal tunnel syndrome, enterocolitis, a cyst, a cyst on this leg (*Id.* at 24-26), irritable bowel syndrome (*Id.* at 34), and a surgically repaired right foot/ankle. (*Id.* at 29). Charest uses a back brace, egg-crate mattress, and pain medication for his back, which he carries on him (*Id.* at 24), a cane (*Id.* at 29), and braces for his wrists. (*Id.* at 24). While at Fountain, he filed requests for accommodations for his disabilities, and he wrote to lawyers involved in *Dunn v. Dunn,* 148 F. Supp.3d 1329 (M.D. Ala. 2015), offering his objections and suggestions for the 2014 ADA lawsuit against the Alabama Department of Corrections. (*Id.* at 26, 28). And, after the consent decree was entered, he sought to enforce the decree by attempting to gain benefits for other disabled persons in 2016 through 2017. (*Id.* at 28-29).

According to Charest, in his annual review in November/December 2017, no changes were recommended with one of the reasons being given that he has family ties in the Atmore area. (*Id.* at 31). On January 19, 2018, he overheard Lieutenant Norman stating that the captain and she had him on a "chain" that day so he would not be able to help anyone else in the law library. (*Id.*). Charest claims that he was then transferred to Hamilton in retaliation for filing grievances for violations of the law. (*Id.*).

Prior to his departure from Fountain, Charest sent his second ADA request for post-op physical therapy for his right foot/ankle. (*Id.* & 29). On January 9, 2018, Captain Knight told him he would be seen by the medical staff for their determination. (*Id.* at 32). As of July, 2018, Charest claims that he has not been "evaluated by any 'specialist' for therapy for the [l]ife impairment." (*Id.*).

On January 19, 2018, Charest arrived at Hamilton where the "aged and infirmed" are housed. (*Id.* at 33). On January 22, 2018, he requested the follow-up medical treatment that was promised at Fountain on January 9, 2018. (*Id.* at 31). On February 2, 2018, Charest requested to be transferred back to the Atmore area. (*Id.* at 34). On February 28, 2018, he requested another accommodation, toilet paper, due to a flare-up of his irritable bowel syndrome. (*Id.*).

On March 1, 2018, he requested to be returned to Atmore, where he is closer to home, family, and friends, can be in fellowship with non-handicapped inmates, and can participate in trade-school programs. (*Id.* at 35). On March 5, 2018, he requested another accommodation to have maintenance put no-skid strips on two sets of outside stairs, which has not been done. (*Id.*).

On April 16, 2018, he requested for a third-time to receive the medically prescribed extra mattress or cushion for his injured back like other similarly impaired inmates have. (*Id.*). ADA Coordinator Rodney Williford noted the request and stated that his "accommodation request must be addressed through your medical physician. You can put in a request slip to HSA [Health Service Administrator] Ms. Woods regarding updates on previously requested therapy and appointments tendered, maintenance is aware of the exercise bike's repair needs." (*Id.*).

6

On June 7, 2018, Charest requested an accommodation from Williford for accessible drinking fountains in conformity with Chapter 6-602.07 standards for a disabled person like him. (*Id.* at 36). When Charest passed the shift office a few days later, Williford commented to Mr. Nix, the maintenance man, that Charest was the person who wanted the water fountains. (*Id.* at 35). Mr. Nix asked Charest, "What's wrong with two we got?" (*Id.*). Charest told him that the water pressure is insufficient, so everyone places their mouth over the hole to drink and that HIV and hepatitis is rampant at Hamilton. (*Id.*). He also stated that the fountains are not the correct height for someone not in a wheelchair and for him because he cannot bend over that far. (*Id.*).

On June 14, 2018, Williford approved the request, stating "in progress." (*Id.* at 37). Charest complains that meanwhile there is no safe place for him to obtain suitable drinking water due to the current diseases "running rampant" at Hamilton. (*Id.*).

Section 1915(g) requires that Charest be in imminent danger of serious physical injury at the time of the complaint's filing in order to avail himself of the § 1915(g)'s exception. The original complaint was filed on or about May 15, 2018 (Doc. 1), and the amended complaint, filed on or about July 23, 2018, includes some claims that are distinct from the original complaint's claims. (Doc. 7). Examining the events that occurred near May 15, 2018, the Court finds no allegations that convey an imminent danger of serious physical injury. Similarly, there are no allegations conveying an imminent danger of serious physical injury at the time when he filed his amended complaint near July 23, 2018. In each of these instances, a serious physical injury is not described. The Court would have to speculate what a serious injury may be. Nor is

there an injury that is conveyed as being imminent. Consequently, the Court finds that Charest has not carried his burden of showing that he was in imminent danger of serious physical injury at the time of the filing of complaint and amended complaint. *See Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (unpublished) (finding that the inmate's vague statements did not satisfy the exception to § 1915(g)).[4]

### III. **Conclusion**.

Because Charest cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/administrative fee at the time he filed this action, this action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this 22nd day of August, 2018.

      s/ Katherine P. Nelson
      **UNITED STATES MAGISTRATE JUDGE**